```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RASHEED SMITH,           Petitioner,        v.  UNITED STATES OF AMERICA,           Respondent. | HONORABLE JEROME B. SIMANDLE  Civil No. 07-3478 (JBS)  **<u>OPINION</u>** |

APPEARANCES:

Mr. Rasheed Smith
40100-050
Unit J/A
FMC-Devens
P.O. Box 879
Ayer, MA 01432
    Petitioner <u>pro</u> <u>se</u>

Christopher J. Christie
United States Attorney
    By: Norman Gross
        Assistant United States Attorney
OFFICE OF THE U.S. ATTORNEY
401 Market Street
Fourth Floor
Camden, NJ 08101
    Attorney for Respondent

## I. <u>INTRODUCTION</u>

    Petitioner Rasheed Smith ("Petitioner" or "Smith"), a prisoner currently confined at Federal Medical Center Devens, brings a <u>pro</u> <u>se</u> motion for relief from judgment pursuant to

Federal Rule of Civil Procedure 60(b)(5), to challenge his sentence of 262 months imprisonment. [Docket Item No. 284.] Smith argues that it is no longer equitable that his sentence have prospective application in light of the Third Circuit's ruling in United States v. Gunter, 462 F.3d 237 (2006), and in the alternative, in light of the Eighth and Fourteenth Amendments of the U.S. Constitution.  Petitioner also moves for the appointment of counsel to assist in his motion for relief from judgment, [Docket Item No. 299] and for an evidentiary hearing [Docket Item No. 303].

　　The Court disagrees with Smith's contention that his sentence should not have prospective application in light of Gunter or in light of the Eighth and Fourteenth Amendments, and accordingly, for the following reasons, his motion for relief from judgment will be denied.  In addition, for the following reasons, Petitioner's motions for appointment of counsel and for an evidentiary hearing will also be denied.

## II. **BACKGROUND**

　　On January 14, 2000, Petitioner pled guilty to one count of conspiracy to distribute and to possess with intent to distribute more than five grams of crack cocaine.  (Resp't Br. Ex. A at 6.) He was sentenced by this Court on April 16, 2002 to 262 months imprisonment.  (Resp't Br. at 3.)

Petitioner filed his Rule 60(b)(5) motion for relief from judgment on December 26, 2006.  Rule 60(b) states, in relevant portion, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (5) . . . a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application . . . ."  Fed. R. Civ. P. 60(b).  Petitioner challenges his 2002 sentence in light of the 2006 Third Circuit Court of Appeals' ruling in United States v. Gunter, 462 F.3d 237 (3d Cir. 2006), which held that post-United States v. Booker, 543 U.S. 220 (2005), the 100:1 weight ratio in the Sentencing Guidelines (the "Guidelines") for drug-trafficking charges based on cocaine versus cocaine base were no longer mandatory, but merely advisory.  Gunter, 462 F.3d at 243-44.  Petitioner argues that because he was sentenced when the Guidelines were mandatory, his sentence is no longer equitable in light of the fact that post-Gunter, the Guidelines are merely advisory.

Petitioner argues that he should thereby receive a new sentence in which the Guidelines, specifically the discrepancies between cocaine and cocaine base sentences, are not mandatory. In the alternative, he argues that the disparate racial impact of sentences for trafficking in cocaine versus cocaine base violates the Eighth and Fourteenth Amendment.

3

Smith also moves for the appointment of counsel to assist him in his Rule 60(b)(5) motion for relief from judgment, in order "to insure that his constitutional rights are protected in accord with the Sixth Amendment." (Pet'r Mot. for Appt. of Counsel at 1.) Lastly, Smith moves for an evidentiary hearing in which he would have the opportunity to demonstrate the disparate racial impact of the 100:1 weight ratio in the Guidelines for drug-trafficking charges based on cocaine versus cocaine base, and to show that the majority of those negatively affected by the ratio are African-American. (Pet'r Mot. for Evidentiary Hr'g at 1.)

**III. ANALYSIS**

**A. Whether Rule 60(b) is the Proper Form for Smith's Challenge**

A Rule 60(b) motion is not the proper vehicle for challenging a sentence. See, e.g., United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999)("Federal Rule of Civil Procedure 60(b) . . . simply does not provide for relief from a judgment in a criminal case."); United States v. Wright, 2005 WL 1168440, at *1 (D. Del. May 17, 2005); Salcedo v. United States, No. 96 CR.371 DLC, 2003 WL 22137983, at *1 (S.D.N.Y. Sep. 17, 2003). Rather, 28 U.S.C. § 2255 ("Section 2255") provides the proper form for collaterally attacking a sentence in the federal sentencing court. See 28 U.S.C. § 2255, para 1 ("A prisoner in custody under sentence of a court established by Act of Congress

claiming the right to be released upon the ground that the sentence . . . is . . . subject to collateral attack may move the court which imposed the sentence to vacate, set aside or correct the sentence."). Because pro se litigant's papers are to be construed liberally and held to less stringent standards than those drafted by lawyers, see Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972), district courts generally re-characterize mislabeled habeas petitions as Section 2255 challenges, so as to create "a better correspondence between the substance of a pro se motion's claim and it's underlying legal basis." Castro v. United States, 540 U.S. 375 (2003); see also In re Wagner, 421 F.3d 275, 277-78 (3d Cir. 2005); United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999). Accordingly, we re-characterize Petitioner's Rule 60(b)(5) motion as a Section 2255 challenge.

Additionally, after the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations and a bar on successive Section 2255 motions, petitioners frequently file Rule 60(b) motions as a means of circumventing the restrictions placed on petitioners by AEDPA. In such cases, courts have consistently re-characterized these Rule 60(b) motions as successive Section 2255 petitions and denied them. See, e.g., Bolder v. Delo, 985 F.2d 941, 942 n.1 (8th Cir. 1993); Clark v. Lewis, 1 F.3d 814, 825-26 (9th Cir.

1993). But before a court re-characterizes a Rule 60(b) motion as a first Section 2255 petition, the court must notify petitioner and give him ample opportunity to either withdraw the motion or amend it to include all relevant Section 2255 claims. See Castro v. United States, 540 U.S. 375, 383 (2003)(holding that before "a court recharacterizes a pro se litigant's motion as a first § 2255 motion," the court "must notify the pro se litigant that it intends to recharacterize the pleading" as well as "warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant the opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has"); In re Wagner, 421 F.3d at 278. Accordingly, in a letter dated June 18, 2007, the Court has notified Smith of the re-characterization, and given him an opportunity to withdraw or amend the motion as he desires. [Docket Item No. 302.] Smith filed a response on July 6, 2007 [Docket Item No. 304] in which he agreed to proceed under Section 2255. The Government filed a response on July 10, 2007 to Smith's July 6th submission, and Smith has filed a subsequent response on July 20, 2007 [Docket Item No. 305]. After reviewing the submissions, the Court accordingly converts Smith's initial Rule 60(b)(5) motion to a motion filed under 28 U.S.C. § 2255, and decides as follows.

6

B. **Statute of Limitations for § 2255 Motions**

Petitioner's Section 2255 challenge fails because the AEDPA-imposed one-year statute of limitations has passed.  Section 2255 allows the statute of limitations clock to start, in relevant part, 1) when the conviction becomes final, or 2) on the date on which the Supreme Court recognizes a new right retroactively applicable to cases on collateral review.  28 U.S.C. § 2255 para. 6 (1996).

Section 2255 does not define what makes a conviction "final," but several courts in the Third Circuit have addressed the issue, holding that a conviction becomes final either 1) when time runs out to appeal after a sentencing (ten business days), or if the petitioner does appeal, 2) when time runs out to seek a writ of certiorari (ninety days after decision by appellate court).  See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999); Dietsch v. United States, 2 F. Supp. 2d 627, 635-36 (D.N.J. 1998).  On April 26, 2002, Petitioner withdrew notice of an appeal previously filed and waived his right to appeal, [Docket Item No. 267, 268], which the Court will view as comparable to not having appealed at all.  So to have filed a timely habeas petition within one year from when his conviction became final, Petitioner should have filed by April 26, 2003. Instead, he filed three and a half years later, on December 26, 2006.  Courts have held that the limitations period may be tolled

if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time," Dietsch, 2 F. Supp. 2d at 635 (quoting Calderon v. United States Dist. Ct., 128 F.3d 1283, 1288 (9th Cir. 1997), but no such circumstances exist in this case.

Petitioner argues, under the second possibility noted above for when the statue of limitations clock starts to run, that when Booker made the Sentencing Guidelines advisory rather than mandatory, and Gunter noted that post-Booker the cocaine versus cocaine base sentencing differential was no longer mandatory, the courts created a right retroactively applicable to him.

This argument fails for two reasons. First, the Third Circuit has recently held that Gunter does not authorize courts to categorically disregard the 100-to-1 ratio and replace it with one of their own choosing. United States v. Ricks, __ F.3d __, 2007 WL 2068098, at *1 (3d Cir. July 20, 2007). Second, in Teague v. Lane, the Supreme Court announced that generally, a new rule of criminal procedure "will not be applicable to those cases which have become final before the new [rule is] announced." 489 U.S. 288, 310 (1989). Indeed, a new rule is retroactively applicable to cases on collateral review only if the Supreme Court explicitly says that the rule is retroactively applicable to such cases. Tyler v. Cain, 533 U.S. 656, 663 (2001). The Supreme Court did not make Booker retroactively applicable to

8

cases on collateral review.  See In re Olopade, 403 F.3d 159, 162 (3d Cir. 2005)("It is clear that the Supreme Court has not expressly held that Booker is applicable to cases on collateral review . . . . [a]nd in no subsequent case has the Supreme Court addressed, let alone decided, whether Booker has retroactive effect"); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005)(same).  Further, the rule announced in Booker is not a "watershed" rule of the type to satisfy an exception identified in Teague.  See Lloyd, 407 F.3d at 614-15 ("Every federal court of appeals to have considered whether Booker's new rule constituted a 'watershed rule' that would satisfy Teague's . . . exception has held that it does not.").  Thus Petitioner's Section 2255 challenge is untimely, and thereby must be dismissed.

### C. Constitutional Claims

Even if this petition were deemed timely, Smith does not raise a meritorious issue.  Smith claims that the 100:1 weight ratio in the Sentencing Guidelines for cocaine versus cocaine base offenses disparately affects African Americans, and that this disparate impact violates the Eighth Amendment's ban on cruel and unusual punishment and the Fourteenth Amendment's guarantee of equal protection before the laws.  (Pet.'r Resp. to Gov't Opp. at 1)  Smith's claim fails because this exact claim

9

has been rejected by the Third Circuit in United States v. Frazier, 981 F.2d 92 (3d Cir. 1992).

The court in Frazier found that the discrepancy between sentences for cocaine versus cocaine base offenses did not constitute cruel and unusual punishment because Congress gave rational grounds for the sentencing differential (e.g. effects on the user, collateral social effects, availability of drug). Frazier, 981 F.2d at 96.  The Frazier court additionally found that even if the discrepancies in the Sentencing Guidelines between sentences for cocaine versus cocaine base do have a disparate racial impact on African Americans, that disparate impact is not sufficient to establish an equal protection violation.  Id. at 95.  The court held the Guidelines to be facially race-neutral, and found no reason to think the discrepancies were merely a means of disguising an invidious racial classification or that Congress passed the Guidelines with a discriminatory intent.  Id.  On both the Eighth and Fourteenth Amendment issues, the court in Frazier emphasized that their analyses were in accord with every other federal appeals court to have ruled on either of those issues.  Id. at 95, 96. Accordingly, the Court now dismisses Smith's claims that the 100:1 weight ratio in the Sentencing Guidelines violates the Eighth or Fourteenth Amendments to the United States Constitution.

10

D. **Motion for Appointment of Counsel**

Smith moves for the appointment of counsel to assist him in his motion for relief from judgment. [Docket Item No. 299.] A convicted criminal has no constitutional right to counsel with respect to habeas proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Rule 6(a) of the rules governing Section 2255 proceedings allows for the appointment of counsel "[i]f necessary for effective discovery." Rule 6, 28 U.S.C. § 2255 (2004). But Smith has not demonstrated, nor does there appear to be, any need to conduct further discovery in his case. Accordingly, Smith's motion for the appointment of counsel will be denied.

E. **Motion for Evidentiary Hearing**

Smith also moves to have an evidentiary hearing in which he would have the opportunity to demonstrate the disparate racial impact of the 100:1 weight ratio in the Sentencing Guidelines for sentences based on cocaine versus cocaine base offenses. [Docket Item No. 303.] But because Smith's Section 2255 motion is procedurally barred as untimely, any evidence he might produce at a hearing will not affect the Court's dismissal of Smith's habeas petition. In United States v. Friedland, 83 F.3d 1531 (3d Cir. 1996), the Third Circuit upheld a district court's denial of a petitioner's motion for an evidentiary hearing when the petitioner's habeas petition was untimely, and no evidence adduced at the hearing would affect the court's dismissal of the

11

petition.  Id. at 1542-43; see also United States v. Burton, Civ. No. 06-2485, 2007 WL 320257, at *1 (E.D. Pa. Jan. 30, 2007)(dismissing habeas petition without an evidentiary hearing when petition was untimely).  Accordingly, the Court will deny Smith's motion for an evidentiary hearing, because his habeas petition is already dismissed as untimely.

### IV. **CONCLUSION**

For the foregoing reasons, the Court dismisses Petitioner Rasheed Smith's petition for a writ of habeas corpus, his motion for appointment of counsel and his motion for an evidentiary hearing.  An appropriate Order shall be entered.


**July 25, 2007**                                   **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    U.S. District Judge