```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RASHEED SMITH, | HONORABLE JEROME B. SIMANDLE |
|             Petitioner, | |
|     v. | CIVIL NO. 07-3478 |
| UNITED STATES OF AMERICA, | **OPINION** |
|             Respondent. | |

APPEARANCES:

Mr. Rasheed Smith
40100-050
Unit J/A
FMC-Devens
P.O. Box 379
Ayer, MA 01432
    Petitioner pro se

Christopher J. Christie
United States Attorney
    By: Norman Gross
        Assistant United States Attorney
OFFICE OF THE U.S. ATTORNEY
401 Market Street
Fourth Floor
Camden, NJ 08101
    Attorney for Respondent

**SIMANDLE, District Judge:**

**I. INTRODUCTION**

This matter comes before the Court on the motion for reconsideration filed by Petitioner Rasheed Smith [Docket Item 18]. Petitioner's motion for reconsideration relates to this

Court's July 25, 2007 denial of Petitioner's petition for a writ of habeas corpus and motions for appointment of counsel and for an evidentiary hearing [Docket Item 16].  For the reasons set forth below, the Court denies Petitioner's motion for reconsideration.

## II.  BACKGROUND

As summarized in the July 25, 2007 Opinion, Smith v. U.S., No. 07-3478, 2007 WL 2212715, at *1-2 (D.N.J. July 25, 2007), the relevant facts and findings are as follows.  On December 26, 2006, Petitioner filed a pro se motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) challenging his sentence of 262 months imprisonment arising from a crack cocaine-related conviction.  This Court found, however, that a Rule 60(b) motion was not a proper vehicle for Petitioner to challenge his sentence since it does not operate to provide relief from a judgment in a criminal case.  Id. at *2.  An analogous provision by which Petitioner could collaterally attack a sentence in a federal sentencing court was offered by 28 U.S.C. § 2255.  Because Petitioner proceeded as a pro se litigant, whose papers are held to less stringent standards than those drafted by lawyers, the Court recharacterized the mislabeled habeas petition as a Section 2255 challenge so as to facilitate Petitioner's claim.  Id.

Section 2255 petitions are restricted by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes a one-year statute of limitations and a bar on successive Section 2255 motions.  28 U.S.C. § 2255 para. 6-7 (1996).  Before the Court could recharacterize Petitioner's mislabeled Rule 60(b) motion as a first Section 2255 petition, the Court first notified Petitioner of its intent to recharacterize the pleading, warned Petitioner in a letter dated June 18, 2007 that subsequent Section 2255 motions are subject to restriction, and provided him an opportunity to either withdraw the motion or amend it to include all Section 2255 claims that Petitioner may have found relevant.  Smith v. U.S., 2007 WL 2212715 at *2.

Petitioner agreed to proceed under Section 2255 without amending the motion in his response filed July 6, 2007.  The Court converted Petitioner's initial Rule 60(b)(5) motion to one filed under 28 U.S.C. § 2255 and subsequently denied his petition for a writ of habeas corpus in the July 25, 2007 Opinion as untimely filed under the AEDPA one-year statute of limitations on Section 2255 motions.  Id. at *3.  The Court also found that the 100:1 weight ratio in the Sentencing Guidelines for cocaine versus cocaine base offenses did not violate the Eighth or Fourteenth Amendments to the United States Constitution and found insufficient grounds upon which to grant Petitioner's motions for

3

appointment of counsel and for an evidentiary hearing.  Id. at *4.

In the instant action, Petitioner seeks to withdraw his prior consent to recharacterize his Rule 60(b) motion as a Section 2255 petition, such that his previously raised constitutionality claim, motion for appointment of counsel, and motion for an evidentiary hearing may be reconsidered.  Petitioner reiterates his claim that the 100:1 weight ratio in the Sentencing Guidelines for cocaine versus cocaine base offenses violates the Eighth and Fourteenth Amendments and that Petitioner should be appointed a lawyer to conduct an evidentiary hearing to establish the disparate racial impact of that Sentencing Guideline.  (Pet'r Mot. For Reconsideration at 6.)

### III. DISCUSSION

Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration.  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  "[R]econsideration is an extraordinary remedy that is granted very sparingly."  Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (internal citations omitted).  Whether to

grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993). "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991) (internal citations omitted).

Instead, the party seeking reconsideration must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Furthermore, the Court will grant a motion for reconsideration only if the movant establishes that the Court overlooked "dispositive factual matters or controlling decisions of law." See Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J.

5

1998); Starr v. JCI Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991).

Petitioner's argument appears to focus on the third possibility of the grounds for reconsideration identified in Max's Seafood Café, supra, that the Court overlooked a dispositive fact and made a clear error of law, which resulted in a manifest injustice for Petitioner.  Specifically, Petitioner seeks to retract his consent to the Court's recharacterization of his Rule 60(b)(5) motion as a Section 2255 motion on the grounds that it was erroneously compelled by the Court.

Contrary to Petitioner's assertions, the Court did not err in recharacterizing his Rule 60(b) motion as one filed under Section 2255, and, accordingly, the Court will deny his motion for reconsideration.  As the Court held in its July 25, 2007 Opinion, Rule 60(b) motions are not the appropriate vehicle for challenging the constitutionality of an underlying sentence, which arises from a criminal proceeding.  Fed.R.Civ.P. 1 provides that the Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature."  Further clarifying, "[t]he Federal Rules of Civil Procedure, including Rule 60(b), may not be used to relieve a party from a final judgment or provide relief from operation of a judgment of conviction or sentence in a criminal case."  See

United States v. Ortiz, Crim. A. No. 88-352, 1997 WL 733856, at *1 (E.D.Pa. Nov. 7, 1997). In the underlying case, Petitioner sought relief from this Court's April 16, 2002 judgment sentencing him to 262 months imprisonment. Smith v. U.S., 2007 WL 2212715, at *1. Since the underlying judgment is one of a sentence in a criminal case, a motion filed under Rule 60(b) of the Civil Rules is inapplicable and inoperable to obtain relief from that judgment.

The proper vehicle by which to collaterally challenge the imposition or length of a sentence, including claims regarding the constitutionality of a sentence, is a Section 2255 motion. Section 2255 encompasses claims that involve "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States . . . or that the sentence was in excess of the maximum allowed by law." 28 U.S.C. § 2255 para. 1 (1996). Thus, a federal prisoner must use Section 2255 to challenge the constitutionality of his sentence. See, e.g., Waley v. Johnston, 316 U.S. 101, 104-105 (1942); Triestman v. United States, 124 F.3d 361, 373-74 (2d Cir.1997). Since Petitioner sought to collaterally challenge the imposition and length of his sentence, not a judgment from a civil suit, his petition properly proceeded under Section 2255, rather than Rule 60(b).

Federal courts generally recharacterize mislabeled habeas petitions as Section 2255 challenges in order to "create a better correspondence between the substance of a pro se motion's claim and its underlying basis." Castro v. United States, 540 U.S. 375, 381-82 (2003); see United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999). Courts are not free, however, to recharacterize habeas petitions as filed under Section 2255 without abiding by procedural safeguards erected to protect litigants' rights on appeal. Since litigants are restricted from filing second or successive Section 2255 petitions under the AEDPA, they may be unintentionally prejudiced from raising otherwise valid claims if not provided ample opportunity to withdraw or amend those motions. Id. Due to the strict limitations on filing subsequent Section 2255 motions, the Court must first notify the litigant of the consequences of such recharacterization and "provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the Section 2255 claims he believes he has." Castro, 540 U.S. at 383; see In re Wagner, 421 F.3d 275, 277-78 (3d Cir. 2005).

In its letter dated June 18, 2007, the Court notified Petitioner of the proposed recharacterization and provided him with ample opportunity to withdraw or amend the motion to add more grounds, as necessary. Petitioner consented to the

8

recharacterization in his July 6, 2007 response and agreed to proceed with his Rule 60(b)(5) motion as his first Section 2255 motion.

Petitioner's first Section 2255 habeas petition was subsequently denied because the AEDPA-imposed one-year statute of limitations had passed and the Court found no "'extraordinary circumstances' beyond [the] prisoner's control" that made it impossible for Petitioner to file a timely petition.  See Dietsch v. United States, 2 F. Supp. 2d 627, 635 (D.N.J. 1998) (quoting Calderon v. United States Dist. Ct., 128 F.2d 1283, 1288 (9th Cir. 1997)).  Petitioner's initial Section 2255 petition was accordingly dismissed as untimely filed, rather than for inartful pleading.

A party that consents to recharacterization of its motion under Rule 60(b) to Section 2255 may not thereafter retract that consent, especially as a means to circumvent the AEDPA restriction on filing second or successive Section 2255 motions. See, e.g., Bolder v. Delo, 985 F.2d 941, 942 n.1 (8th Cir. 1993); Clark v. Lewis, 1 F.3d 814, 825-26 (9th Cir. 1993).  The Court finds that Petitioner's change in strategy is not a proper ground upon which to justify reconsideration.

Likewise, the Court did not err in denying Petitioner's claim regarding the constitutionality of the 100:1 weight ratio

9

in the Sentencing Guidelines for cocaine versus cocaine base offenses, and Petitioner does not show "the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677.  Petitioner's claim that the Sentencing Guidelines create a disparate racial impact in violation of the Eighth Amendment's ban on cruel and unusual punishment and the Fourteenth Amendment's guarantee of equal protection was dismissed in conjunction with his untimely Section 2255 petition.  Even if that petition had been deemed timely, however, Petitioner's claim is deemed to be without merit in accordance with United States v. Frazier, 981 F.2d 92 (3d Cir. 1992).  In Frazier, the court found the 100:1 weight ratio in the Sentencing Guideline for cocaine versus cocaine base offenses to be race-neutral on its face.  Frazier, 981 F.2d at 95.  The Third Circuit further held there was no evidence of invidious racial classification or discriminatory intent by Congress or the Sentencing Commission.  Id.  Disparate impact alone, or even awareness of a potential disparate impact, does not render a law unconstitutional, absent discriminatory intent.  Id. (citing Personnel Adm'r of Massachusetts v. Freeney, 442 U.S. 256, 279 (1979).)  In addition, the Third Circuit found that Congress had sufficient and reasonable grounds for requiring greater sentences for cocaine base offenses than those involving powder cocaine,

such that the Sentencing Guideline did not violate the Eighth Amendment ban on disproportional punishments.  Frazier, 981 F.2d at 95-96.  Accordingly, the distinction between cocaine versus cocaine base offenses in the Sentencing Guidelines is constitutional under both the Eighth and Fourteenth Amendments to the United States Constitution.

In any event, Petitioner failed to raise these grounds within the one-year limitation period.  As such, there was no further need to conduct discovery and Petitioner's motion for appointment of counsel to conduct an evidentiary hearing to establish the disparate racial impact of the Sentencing Guidelines was properly denied.  Rule 6(a) of the rules governing Section 2255 proceedings allows for the appointment of counsel "[i]f necessary for effective discovery."  Rule 6, 28 U.S.C. § 2255 (2004).  Here, there is no need to conduct further discovery and Petitioner's motion for appointment of counsel was properly dismissed.

The Court further finds that Petitioner fails to raise an issue of fact or law that the Court did not already consider and address in the Opinion or that was put before the Court by Petitioner in his motion.  As a sister court has noted, "[i]t is improper for a motion for reconsideration to 'ask the court to rethink what it ha[s] already thought through -- rightly or

11

wrongly." Byrne v. Calastro, 2006 WL 2506722, at *1 (D.N.J. 2006) (quoting Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)). Rather, "[i]f the party simply disagrees with the court's reasoning, the matter should be addressed through appeal and not through a motion for reconsideration." [Bartkus, New Jersey Federal Civ. Procedure, § 8-8, at 203 (1999)] (citing Morris v. Siemens Components, Inc., 938 F. Supp. 277, 278 (D.N.J. 1998)).

## IV. **CONCLUSION**

For the foregoing reasons, the Court denies Petitioner's motion for reconsideration.


**October 31, 2007**          **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              U.S. District Judge